UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-514-H

SHARETTA LEE                                                                    PLAINTIFF

V.

A & W PRITCHARD ENTERPRISES, INC., et al.                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This case is on remand from the Sixth Circuit Court of Appeals.  Only one claim remains:

Plaintiff, Sharetta Lee's allegation against A&W Pritchard Enterprises, Inc., Walter Pritchard

and Alfreda Pritchard (the "Pritchards") of discriminatory housing practices based on disability.

*See* 42 U.S.C. § 3604(f).  This federal claim was inadvertently dismissed by this Court on

jurisdictional grounds.  The Sixth Circuit reversed on those grounds alone without any

consideration of the substantive or evidentiary merits.  All other state and federal claims and

personal injury claims have been dismissed and affirmed on appeal.  Only Ms. Lee and the

Pritchards remain as parties.[1]

After remand from the Sixth Circuit, the Court held a lengthy conference with counsel

and Plaintiff Ms. Lee to discuss the remaining claim.  After that conference, the Court allowed

Ms. Lee up to and including August 10, 2009, over one month, to advise the Court as to any

legal or factual grounds for proceeding with her disability claim.  The Court did this because

---

[1]The Court has carefully examined the complaint, the proceedings and the appeal and determined that the Ms. Lee is the only remaining plaintiff and the Pritchards are the only remaining defendants.  Mr. Green's claims were dismissed by this Court and he was not a party to the appeal.  It is also apparent that the Court of Appeals only remanded the case on the claim by Ms. Lee against the Pritchards for FHA violations.

under Federal Rule of Civil Procedure 12(b)(6) "a plaintiff's obligation to provide the grounds of

his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (citation and quotation omitted).  "[E]ven though a complaint need not contain 'detailed'

factual allegations, its '[f]actual allegations must be enough to raise a right to relief above the

speculative level on the assumption that all the allegations in the complaint are true.'" *Assoc. of

Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting

*Twombly*, 550 U.S. at 555).

Within the deadline period, Plaintiff, who is greatly handicapped by the absence of

counsel to provide advice, exactly responded as follows:

> During the conference, the courts asked specifically what facts might
> pertain to the claim of disability discrimination.  Such claim did
> appear, other than self-evident Ms Lee has a short airway disease, as
> well as Mr. Green and on disabley.  However it is not unclear if we
> are affected by the impairment as well.  Ms. Lee does have medical
> conditions that limit her major life activities. This condition has been
> noted as RSD.  The court asked what action the prichards had taken
> against them. The Prichards took no action. The Plaintiff took action
> against the Prichards, Metro Housing, HUD, LG&E; known as EON
> for carbon monoxide mold, and disability discrimination.  Plaintiff
> voluntarly moved because of all the illegal matters, the carbon
> monoxide, mold, discrimination, forgery and mental distress.

The Federal Housing Act bars discriminatory housing practices based upon a handicap or

disability.  *See* 42 U.S.C. § 3604(f).  The FHA states that discrimination includes: (1) the refusal

to permit modifications of the premises necessary to permit enjoyment by a person with a

handicap or disability; (2) the refusal to make reasonable accommodations for such a person; and

(3) a failure to provide for reasonable access for handicap persons.  *Id.* at § 3604(f)(3)(A-C).

During the conferences, Ms. Lee focused on the Pritchards' failure to fix a carbon

monoxide leak which she alleges existed in her apartment for a time ending June, 2006.  Ms. Lee says that she has a small airway disease and says that the carbon monoxide leak prevented her from having full enjoyment of the apartment.  At this stage, there are several problems with Plaintiff's contentions which require her either to make her allegations with greater precision or to put forth more evidence.

First, the record contains no evidence of the disability that impairs a major life function of Ms. Lee.  Without providing more substantive evidence of the condition and how it affects her, Ms. Lee has done nothing more than provide "labels and conclusions," which is simply insufficient to allow her to proceed.  *Twombly*, 550 U.S. at 555.  Plaintiff should have time to do this.  But she must provide the minimum information.

Second, it is not at all clear how Ms. Lee would prove the existence of the carbon monoxide condition.  It is not clear that any of the public agencies who have examined the apartment ever required Defendants to make improvements, which one would expect had a leak been found.  If Ms. Lee cannot prove that a leak existed, her claim cannot go forward.  Thus, Ms. Lee must, at a minimum, inform the Court and the Pritchards how she will prove the carbon monoxide leak.

Even assuming Plaintiff does have a disability which qualifies as one under the FHA and she can prove there was a carbon monoxide leak, it is not at all clear how any of the Pritchards' actions  made the property inaccessible for individuals with Plaintiff's alleged disability.  It appears that the carbon monoxide leak, if serious enough, could prevent anyone from enjoying the property, not just those who happen to have Ms. Lee's disability.  Thus, unlike an inaccessible entrance, tight doors, or inaccessible fixtures, the carbon monoxide leak would

3

affect every person, not only those with a particular disability.

The Seventh Circuit considered a similar issue in *Good Shepherd Manor Foundation, Inc. v. City of Momence*, 323 F.3d 557 (7th Cir. 2003).  There, the court held that the municipality's decision to shut off water supply to a lot on which group homes for developmentally disabled adults had been constructed due to the failure of the property owner to extend water and sewage line to the lot's boundary, did not hurt intended residents by reason of their disabilities, but rather harmed them solely by virtue of a common need for water. Consequently, the court held the city's conduct did not support a claim for failure to provide reasonable accommodations to disabled persons under the FHA.

The Court's reasoning in *Good Shepherd* was logical.  According to the Seventh Circuit, the FHA only protects the disabled to the extent that they were harmed because of their disability.  Thus, if a person without the plaintiff's disability would be harmed in the same manner as a person with the plaintiff's disability, there is no claim under the FHA.  While the Sixth Circuit has not specifically addressed this issue, it appears to be the commonly accepted view of the law.  *See Henrietta D. v. Bloomberg*, 331 F.3d 261, 276 (2d Cir. 2003) ("We acknowledge, however, that the ADA and rehabilitation Act are addressed to 'rules  . . . that hurt [people with disabilities] by reason of their handicap, rather than that hurt them solely by virtue of what they have in common with other people.") (quoting *Good Shepherd*, 323 F.3d at 561); AMERICANS WITH DISABILITIES: PRACTICE AND COMPLIANCE MANUAL § 14:47 (2009) ("However, where a zoning demand affects all people equally, . . . there is no violation under the FHAA.").

The Sixth Circuit has adopted reasoning indicating it agrees with this general principle.

4

In *Smith & Lee Assoc., Inc. v. City of Taylor, Mich.*, 102 F.3d 781 (6th Cir. 1996), the court held that the purpose of the FHA is to provide disabled persons with an equal opportunity. *Id.* at 795. If an equal opportunity is the goal, the plaintiff must establish that her disability caused her to be affected differently than individuals without her disability. Under this analysis, even if the Pritchards did fail to fix a carbon monoxide leak, it cannot be said that they discriminated against those with any particular disability unless the leak affected the disabled person differently than a person without the disability. Therefore, Ms. Lee must, at a minimum, explain how she will prove that she was affected differently because of her disability.

The Court finds that if Ms. Lee cannot provide additional evidence, her claim cannot proceed. The Court will allow Plaintiff sixty (60) days to take discovery, produce evidence to the Court or hire an attorney to demonstrate some possibility that she may succeed. Most of the information needed is not the type of information held by the Defendants. Rather, it should be easily accessible to Plaintiff.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that on or before **December 21, 2009**, Plaintiff shall produce whatever evidence or argument is available to support her claims under the Fair Housing Act. Specifically, Plaintiff must provide evidence of, or explain how she will get evidence of, the following:

(1) The nature of her disability and how that disability impaired her major life activity. As an example, the easiest way for Ms. Lee to produce this type of evidence is for Ms. Lee to get records from a medical doctor showing that she has a disability and explaining how it impairs her;

(2) The existence of a carbon monoxide leak from some contemporaneous record or test; and

(3) How the carbon monoxide leak affected her differently than it would have affected a person without her disability.  Again, the easiest way of doing this would be to provide evidence from a medical doctor explaining how carbon monoxide adversely affected Ms. Lee differently than others because of her disability.

cc:     Plaintiffs, *Pro Se*
        Counsel of Record