UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-514-H

SHARETTA LEE                                                                              PLAINTIFF

V.

A & W PRITCHARD ENTERPRISES, INC., et al.                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

On remand from the Sixth Circuit Court of Appeals, this Court now considers the remaining claims of *pro se* Plaintiff Sharetta Lee ("Lee") that Defendants, A & W Pritchard Enterprises, Inc., Walter Pritchard and Alfreda Pritchard (the "Pritchards"), discriminated against her based on disability in violation of the federal Fair Housing Act, ("FHA"). *See* 42 U.S.C. §3604(f). After several attempts to understand Lee's claim, the Court asked her to produce any and all records that would substantiate it. The Court made this unusual request following two hearings because Lee, unrepresented by counsel, could not articulate how her allegations supported a cause of action under the FHA.

This matter is now before the Court on Defendants' Motion for Summary Judgment. The Court, having fully reviewed Lee's proof, now grants Defendants' Motion as to the FHA claim and remands Plaintiff's state law discrimination claims to Jefferson Circuit Court.[1]

---

[1] In its October 2009 Memorandum Opinion, the Court indicated that the only claim remaining in the case was Lee's federal claim against the Pritchards. Upon review of the relevant state court records, it appears that Lee's appeal prevented her state discrimination claims from being remanded per the Court's March 2008 Memorandum Opinion. Thus, the state discrimination claims remain intact and are now remanded.

I.

Lee's original Complaint, brought on behalf of herself, her children and Charles Green,[2] asserted numerous causes of action against multiple defendants, including Louisville-Jefferson County Metro Department of Inspections, Permits and Licenses ("IPL"), Louisville Gas & Electric, the Secretary of the United States Department of Housing and Urban Development ("HUD") and the Pritchards. HUD removed to federal court and filed a motion to dismiss for lack of subject matter jurisdiction. IPL also filed a motion to dismiss, asserting that it was not an entity capable of being sued because it was not legally separate from Louisville-Jefferson County Metro Government. On December 19, 2007, this Court issued an Order dismissing the claims against HUD and "[a]ll claims against Metro Government." Later, in a March 2008 Memorandum, this Court dismissed on statute of limitations grounds Lee's personal injury claims against LG&E and the Pritchards.[3] The Court then remanded the other state law claims between Lee and the Pritchards to Jefferson Circuit Court, believing, erroneously, that no grounds for federal jurisdiction remained. Lee appealed. The Sixth Circuit Court of Appeals remanded after discovering that this Court had failed to consider Lee's cause of action under the federal Fair Housing Act.[4]

Following remand, this Court held several lengthy conferences with Lee and counsel for the Defendants. During these discussions, Lee's complaints focused generally on the existence of

---

[2] Charles Green was not named in the notice of appeal. Thus, the only remaining Plaintiffs are Lee and her children. Her children's claim survived because she initially brought suit on behalf of herself and "as next friend" of her children. *See United States v. Glover*, 242 F.3d 333, 337 (6th Cir. 2001)(citing Fed. R. App. P. 3(c)(4)).

[3] Lee's appeal was limited to the Court's March 2008 Memorandum and Order. Thus, the Sixth Circuit did not review the dismissal of HUD or IPL/Metro Government and Lee has waived any objection to the dismissal of those entities.

[4] The FHA has a two-year statute of limitations.

2

a carbon monoxide leak in her former apartment; she also asserted that she suffered from certain disabilities. However, the Court could draw no nexus between the two. Nonetheless, the Court granted Lee a month to prepare legal or factual arguments to support her FHA claim. Lee responded within the deadline, but did not provide sufficient evidence.[5] Nonetheless, the Court, recognizing that Lee was hamstrung by her limitations and lack of representation, allowed Lee another leave to collect any relevant personal documentation and provide it directly to the Court for review. In its October 2009 Memorandum Opinion granting the additional time, the Court described in detail the proof Lee would need to offer, stating that:

> [O]n or before December 21, 2009, Plaintiff shall produce whatever evidence or argument is available to support her claims under the Fair Housing Act. Specifically, Plaintiff must provide evidence of, or explain how she will get evidence of, the following:
> (1) The nature of her disability and how that disability impaired her major life activity. As an example, the easiest way for Ms. Lee to produce this type of evidence is for Ms. Lee to get records from a medical doctor showing that she has a disability and explaining how it impairs her;
> (2) The existence of a carbon monoxide leak from some contemporaneous record or test; and
> (3) How the carbon monoxide leak affected her differently than it would have affected a person without her disability. Again, the easiest way of doing this would be to provide evidence from a medical doctor explaining how carbon monoxide adversely affected Ms. Lee differently than others because of her disability.

On December 16, 2009, Plaintiff submitted hundreds of pages of documents, including property inspection reports, lease agreements, social security disability records, psychiatric evaluations of Lee and medical records of Lee and three of her children. Many of these records reveal landlord/tenant related disputes among the parties concerning the 2903 Dumesnil Street residence between 2001 and 2006. The Court has reviewed each document to see whether it

---

[5] Lee asserted that she suffered from a short airway disease and RSD, or reflex sympathetic dystrophy. Beyond that, her response offered only generalized accusations against the Pritchards and the dismissed Defendants.

could help Plaintiff's case and then considered the arguments set forth in Defendants' Motion for Summary Judgment.

II.

Summary judgment is appropriate where the evidence of record shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of "informing the district court of the basis of its motion" and identifying the matter it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets its burden, the non-moving party must then present "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). It is insufficient that the non-moving party rests on its pleadings, he must present some "specific facts showing that there is a genuine issue [of material fact] for a trial." *Celotex Corp.*, 477 U.S. at 324.

The Fair Housing Act bars discriminatory housing practices based upon a handicap or disability. *See* 42 U.S.C. § 3604(f). The FHA states that discrimination includes: (1) the refusal to permit modifications of the premises necessary to permit enjoyment by a person with a handicap or disability; (2) the refusal to make reasonable accommodations for such a person; or (3) a failure to provide for reasonable access for handicap persons. *Id.* at § 3604(f)(3)(A-C). Lee's claims do not fit neatly into any of these categories, but the Court will assume she makes either a modification claim or an accommodations claim under parts (1) or (2).

As noted above, the Court asked Lee to produce evidence on three points. First, Lee needed records showing "the nature of her disability and how that disability impaired her major life activity." Lee's records show that she was granted social security disability for three reasons:

4

mild mental retardation, a learning disorder and depression. Some of her records indicate that she has Reflex Sympathetic Dystrophy, ("RSD"), a nervous system disorder that results in chronic pain, though there is no record of the initial diagnosis of RSD.[6] Lee did not produce documentation that her disabilities impair a major life activity. For purposes of this motion, the Court will assume that her mental disabilities limited major life activities.

Second, the Court required that Lee show evidence of the existence of a carbon monoxide leak. Lee's records probably succeed on this point – they show the city issued a corrective order to the Pritchards regarding "a carbon monoxide issue." However, it would be difficult to prove any certain dangerousness of such a leak.

Third, the Court ordered Lee to show "[h]ow the carbon monoxide leak affected her differently than it would have affected a person without her disability" and suggested she get evidence from a medical doctor. It is Lee's lack of evidence on this last point that prevents her from being able to sustain her claim.

As explained in the Court's October 23, 2009 Memorandum Opinion, Lee is required to show that the Pritchards' actions made the property inaccessible for individuals with Plaintiff's alleged disability. *Good Shepherd Manor Foundation, Inc. v. City of Momence*, 323 F.3d. 557 (7th Cir. 2003)(FHA claim failed where municipality shut off water supply to a lot on which group homes for developmentally disabled adults had been constructed. The decision did not hurt residents by reason of their disabilities, but rather harmed them solely by virtue of their common need for water.); *see also Henrietta D. v. Bloomberg*, 331 F.3d. 261, 276(2d. Cir.

---

[6] Lee's records also may indicate she suffers from small airway disease and that one of her daughters has asthma. However, the first notations related to these diseases appeared after the dates of carbon monoxide exposure and thus would not qualify as a preexisting "disability" that the Pritchards were required to accommodate.

2003)(citations omitted)("ADA and rehabilitation Act are addressed to 'rules ... that hurt [people with disabilities] by reason of their handicap, rather than that hurt them solely by virtue of what they have in common with other people.'").

Here, there is no evidence that Lee made the Pritchards aware of her disabilities. But even if she had, a carbon monoxide leak would make an apartment inaccessible to anyone, not just someone with RSD or Lee's other disabilities.[7] Thus, the effects of a carbon monoxide leak are dissimilar from the effects of an inaccessible entrance or small doorway, in that such a leak does not prevent a disabled person from an *equal opportunity* to enjoy a home. See *Smith & Lee Assoc., Inc., v. City of Taylor Mich.*, 102 F.3d 781 (6th Cir. 1996)(purpose of the FHA is to provide disabled person with an equal opportunity).[8] Furthermore, there is no evidence that the leak disproportionately affected Lee because of her disabilities. For these reasons, Lee's FHA claim cannot succeed.

III.

In this Court's March 2008 opinion dismissing Lee's personal injury claims, the Court remanded to Jefferson Circuit Court Lee's state law discrimination claims against A & W Pritchard Enterprises, Inc., Walter Pritchard and Alfreda Pritchard. Lee's appeal to the Sixth Circuit delayed the remand, as the claims could have been heard in federal court had Lee

---

[7] Lee's records also show that one of her children was diagnosed with asthma. It is unclear whether the diagnosis came before or after the carbon monoxide exposure. In any event, Lee's children's claims fail for the same reason that Lee's claims fail – there is no evidence that the Pritchards knew of the disabilities and furthermore, no evidence that the Lee family was impacted differently because of their disabilities.

[8] The Court does not intend to make light of Lee's circumstances. The home she rented from the Pritchards was cited repeatedly for numerous violations, some of them serious and many of which would make a home uninhabitable. Furthermore, the Pritchards appeared to have ignored the problems and possibly subjected Lee and her family to toxins that caused damage to their health. Such a situation is unacceptable. However, the injustice at the heart of this matter is better understood a landlord-tenant or negligence action. It simply does not fit the requirements of a federal fair housing claim.

maintained her FHA claim. Because this Memorandum Opinion dismisses the remaining federal claim, the other claims are now remanded to Jefferson Circuit Court.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's Fair Housing Act claim against Defendants is DISMISSED.

IT IS FURTHER ORDERED that Plaintiff's remaining claims against A&W Pritchard Enterprises, Inc., Walter Pritchard and Alfreda Pritchard are REMANDED to Jefferson Circuit Court.

This is a final order.

cc:    Counsel of Record